UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DARNELL KEITH CAIN, | ) |
| Petitioner, | ) |
| v. | ) CAUSE NO.: 1:15-CV-097-TLS |
| SHERIFF, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

The Petitioner, a pro se prisoner, filed a habeas corpus petition [ECF No. 1] pursuant to 28 U.S.C. § 2254, challenging a pending state criminal proceeding in LaGrange Circuit Court. The Court is obligated to review the Petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

Before considering the merits of a habeas petition, the court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the U.S. Court of Appeals for the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025–26 (internal citations and quotation marks omitted).

Here, it is apparent that the Petitioner has not yet exhausted his state court remedies. In fact, he has not yet been convicted. "Ordinarily the attempt of a state prisoner to obtain federal habeas corpus relief in advance of his state criminal trial [is] completely hopeless." *United States ex rel. Stevens v. Cir. Ct. of Milwaukee Cnty.*, 675 F.2d 946, 947 (7th Cir. 1982). In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court held that equity and federalism concerns require the federal courts to abstain from enjoining or interfering in state criminal prosecutions. *See also FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 595 (7th Cir. 2007) (*Younger* abstention "requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings."). The Supreme Court has carved out a narrow exception to this rule in the case of double jeopardy challenges. *Justices of Boston Mun. Ct. v. Lydon,* 466 U.S. 294, 302–03 (1984). The Court reasoned that double jeopardy rights "cannot be fully vindicated on appeal following final judgment, since in part the Double Jeopardy Clause protects against being twice put to trial for the same offense." *Id*. at 303 (citation and quotation marks omitted). Accordingly, a federal habeas court has jurisdiction to entertain a colorable double jeopardy claim in advance of trial, notwithstanding the holding in *Younger. Id.*

However, the Petitioner is not alleging a double jeopardy claim. Instead, the Petitioner alleges that his due process rights were violated because the state trial court "will not hear or file [the Petitioner's] pro se motions." Pet. 7. Such motions appear to relate to claims of illegal search and seizure in violation of the Fourth Amendment; a denial of the right to counsel under the Sixth Amendment; and a denial of equal protection under the Fourteenth Amendment. But as the Court noted above, such claims do not present a cognizable basis to interfere with an ongoing state criminal proceeding in light of *Younger. See Stevens*, 675 F.2d at 947. To the extent that the

Petitioner believes he has a viable defense to the charges against him or that his case is not being properly adjudicated, he must first present those claims at trial and on appeal in state court. Therefore, this petition will be dismissed without prejudice. If the Petitioner is convicted, and he subsequently exhausts all available remedies in state court, he may properly file another habeas corpus petition challenging his conviction.

Additionally, pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the Court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted). As explained above, the Petitioner has not alleged the type of claim that would fall within the narrow exception to the *Younger* doctrine. Nothing before the Court suggests that jurists of reason could debate the correctness of this ruling or find a reason to encourage the Petitioner to proceed further until the state process has concluded. Accordingly, the Court declines to issue the Petitioner a certificate of appealability.

For the foregoing reasons, the petition (ECF No. 1) is DENIED WITHOUT PREJUDICE pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. The Court also DENIES the Petitioner a certificate of appealability.

SO ORDERED on May 1, 2015.

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN